Curia, per
O’Neall, J.
The very clear written arguments submitted by the attorneys for and against the motion, have relieved us from any embarrassment in deciding this case. I agree with the Judge below that the stat. 23 Hen. 6, c. 9, was not intended to abridge the right of the sheriff to let to bail persons in his custody by civil process: but to remedy the abuse of his power in refusing to do so, by compelling him to accept “ reasonable sureties of sufficient persons having sufficient within the county.” The case of Teasedale vs. Kennedy, 1 Bay, 322, merely decides that a house-holder, in apparently good circumstances, is sufficient bail. In that case, the court states the law as I have always understood it. “ If a sheriff take as bail a man who is notoriously insolvent, in doubtful circumstances, or without a fixed residence, or the like, he is answerable.” There is nothing here about a residence in the county or district. The cases from Cro. Eliz. (pp. 808, 852, 862) of Clifton vs. Webb, Blackbourn vs. Michelbourn, Cotton vs. Webb, expressly decide that the bond is good notwithstanding the bail may have nothing in the county. If the bond be good in law, the plaintiff cannot complain that he has sustained any damages until he shews that the bail is insufficient, or that he is in some other way injured by the bail not living within the county or district. The motion is dismissed.
Richardson, Evans, Butler, Wardlaw and Frost, JJ. concurred.